UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREL W. FOREMAN,<br><br>    Plaintiff,<br><br>  v.<br><br>BNSF RAILWAY COMPANY, a foreign corporation,<br><br>    Defendant. | C10-1758Z<br><br>ORDER |

THIS MATTER comes before the Court on the parties' supplemental trial briefs addressing the legal question of the application of the Federal Safety Appliance Act (SAA) and the related issue of the testimony of Plaintiff's expert Michael O'Brien.

**Background**

Plaintiff Darrel Foreman was injured on May 24, 2010, while working for Defendant BNSF Railway Company. Amended Complaint, docket no. 31, at ¶¶ 3-4. Plaintiff contends that he was thrown from the railroad car he was riding and suffered severe injuries. Id. at ¶¶ 4, 6. Plaintiff seeks recovery under the Federal Employers' Liability Act, 45 U.S.C. § 51, et seq. Id. at ¶ 2.

ORDER - 1

1  Plaintiff claims Defendant is liable in negligence *per se* for violations of the
2  Federal Railroad Safety Act ("FRSA") and the SAA.  Plaintiff's second claim contends
3  Defendant used a railcar with an unsafe vertical side handhold in violation of the SAA.
4  Plaintiff's third claim contends Defendant used a railcar without a safety railing/handhold
5  at the car's end-platform in violation of the SAA.  See Joint Pretrial Order, docket no. 94.
6  The parties agreed that whether the SAA has been violated is a matter of law, and
7  the Court ordered supplemental briefing from the parties.  See Minutes of Motion
8  Hearing, docket no. 116.  The parties filed their supplemental trial briefs on October 25,
9  2013.  Docket nos. 124 and 127.  The parties agree that the car Plaintiff was riding,
10 DTTX 45909, is a "car of special construction" which "shall have, as nearly as possible,
11 the same complement of handholds . . . as are required for cars of the nearest approximate
12 type."  49 C.F.R. § 231.18; see Plaintiff's Supplemental Brief, docket no. 127, at 4;
13 Defendant's Supplemental Brief, docket no. 124, at 7.  The parties also agree that the
14 nearest approximate type of car is a flat car, governed by 49 C.F.R. § 231.6.  See
15 Plaintiff's Supplemental Brief at 5; Defendant's Supplemental Brief at 8-9.
16 **Discussion**
17       **A.**    **Second Claim - Side Handholds**
18 Plaintiff concedes that vertical side handholds are not required by 49 C.F.R. §
19 231.6; however, the regulations do not prohibit installation of additional safety
20 appliances.  Plaintiff's Supplemental Brief at 5.  Furthermore, any additional safety
21 appliances installed on a railcar must be safe.  Shields v. Atlantic C. L. R. Co., 350 U.S.
22
23

ORDER - 2

318, 324 (1956).  The remaining question is therefore whether or not the handhold is safe, as required by the SAA.

The parties have presented the Court with conflicting evidence regarding the safety of the handhold.  The Court is unable to determine, as a matter of law, whether the handhold is safe.  Therefore the Court concludes that whether or not the side vertical handhold is safe is a question of fact for the jury.  The jury will determine the factual "safe" issue and whether any unsafe handhold caused or contributed to Plaintiff's damage.  The Court will instruct the jury that if it finds that the handhold is not safe, and caused or contributed to the injury, it is a violation of the SAA.

### B.  Third Claim - End-Platform Handholds

Plaintiff contends that the car he was riding was equipped with an end-of-car crossover platform but was not equipped with an end-platform safety railing or handholds.  Plaintiff's Supplemental Brief, docket no. 127, at 3.  Plaintiff argues that all cars with end platforms identified by the Federal Railroad Administration ("FRA") require a safety railing or special handholds, and cites 7 regulations in support.  Id.  These regulations refer to "Tank cars," "Caboose cars," and "Box and other house cars."  See id.  However, the regulation regarding flat cars, which applies to the car of special construction at issue here, does not require a safety railing or special handhold.  See 49 C.F.R. § 231.6.  Because an end railing handhold was not required by the applicable safety regulation, the Court holds that, as a matter of law, the lack of such a railing or handhold is not a violation of the SAA and Plaintiff's third cause of action is DISMISSED with prejudice.

ORDER - 3

### C.    Whether the Railcar was "In Use"

For the first time, in its supplemental brief, docket no. 124, Defendant raised the question of whether the railcar was "in use" at the time of the incident.  Plaintiff filed a supplemental brief addressing this issue, docket no. 129.  Absolute liability under the SAA attaches only if the train or railcar is "in use" at the time of the accident.  Deans v. CSX Transp., Inc., 152 F.3d 326, 328 (4th Cir. 1998).  Whether or not the car is in use is a question of law for the Court to decide.  Id. at 329.

Defendant cites several cases for the proposition that a railcar is not "in use" during "switching" activity, during which various cars are being assembled for movement.  Defendant's Supplemental Brief at 10 – 11.  However all three cases cited dealt with brake requirements under the SAA, which are only required on a "train," as opposed to the handhold requirements which are required on any "vehicle."  See 49 U.S.C. § 20302(a)(1-3).  A similar argument was made to the Court in White v. BNSF, and after distinguishing the same cases cited by the Defendant here, the Court concluded that the plaintiff had met the "in use" requirement because the SAA coupling provisions, unlike the brake provisions, apply during switching operations.  White v. BNSF Ry. Co., 2010 U.S. Dist. LEXIS 27500 (W.D. Wash. Mar. 23, 2010).  The Court holds that the car was "in use" at the time of the accident.

### D.    Testimony of Mr. O'Brien

The Court previously denied Defendant's motion in limine to exclude Mr. O'Brien's testimony but held that Mr. O'Brien is precluded from testifying regarding statutory construction.  Minute Order, docket no. 108.  The Court otherwise deferred

ORDER - 4

ruling on the motion in limine pending further briefing.  See Minutes of Motion Hearing, docket no. 116.  The Court now holds that Mr. O'Brien's testimony may be relevant to the question of whether or not the handhold is safe.  Furthermore, Mr. O'Brien may rely upon and, with the appropriate foundation, testify regarding the FRA Motive Power and Equipment Compliance Manual ("Compliance Manual").

**Conclusion**

The Court holds: (1) whether the vertical side handhold violates the SAA is a mixed question of fact and law and will require the jury to address the issue of whether the handhold was safe; (2) an end platform handhold is not required under the safety regulations for the car at issue, 49 C.F.R. §§ 231.6., 231.18; therefore, the failure to provide an end handhold is not a violation of the SAA as a matter of law and Plaintiff's third claim is DISMISSED with prejudice; (3) the railcar was "in use" at the time of the accident; and (4) Mr. O'Brien will be permitted to testify and may, with the appropriate foundation, rely upon the Compliance Manual.

IT IS SO ORDERED.

Dated this 6th day of November, 2013.

THOMAS S. ZILLY
United States District Judge