UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DARREL W. FOREMAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>BNSF RAILWAY COMPANY, a foreign corporation,<br><br>                    Defendant. | C10-1758Z<br><br>ORDER |

THIS MATTER comes before the Court on BNSF's motion for reconsideration to exclude witnesses, docket no. 139, BNSF's motion for reconsideration on Plaintiff's Safety Appliance Act ("SAA") claim, docket no. 142, and Plaintiff's motion to exclude expert witness, docket no. 143.  Having considered the motions and all pleadings filed in support of and opposition thereto, the Court enters the following Order.

**Background**

At a pretrial conference on November 1, 2013, Plaintiff's counsel indicated that he had two additional medical providers he would like to call as witnesses, who had treated Plaintiff between the time witnesses were originally disclosed and the pretrial conference. The Court stated that Plaintiff will be allowed to call these two new witnesses regarding

ORDER - 1

Plaintiff's ongoing medical treatment.  There was further discussion, in reviewing the pretrial order, regarding the "last name unknown" witnesses listed.  Defense counsel reminded the Court that these witnesses had previously been excluded by the Court's rulings on BNSF's motions in limine.  The Court directed counsel to file the names and addresses of additional witnesses, not previously excluded by the Court's rulings on motions in limine, by noon on Friday, November 8, 2013. Docket no. 132.  In response to the Court's order, Plaintiff filed a supplemental witness list identifying five new witnesses.  Docket no. 136.  Defendant filed a supplemental witness list identifying one new witness.  Docket no. 138.

The Court also entered an Order on Plaintiff's second claim, regarding a violation of the SAA, concluding that whether or not the handhold is safe is a question of fact for the jury.  Docket no. 134.

**Discussion**

**A.  BNSF's Motion for Reconsideration to Exclude Witnesses**

BNSF moves to exclude three of the witnesses identified in Plaintiff's supplemental witness list: (1) Ray Pagett; (2) David Searcy; and (3) Joe Bunnell.[1]  BNSF argues that its motion in limine was not limited to the "last name unknown" witnesses, but to any witness not previously identified, and that Plaintiff's disclosure of new witnesses at this time is improper.  Plaintiff responds that he complied with the Court's order because these three witnesses have not been excluded by the Court, were identified

---

[1] Defendant does not challenge the two newly-identified medical providers the Court allowed.

ORDER - 2

by November 8, 2013, and were disclosed more than 30 days before trial.  Plaintiff indicates that these witnesses were identified as potential witnesses the week of November 4, 2013.

The three witnesses are acquaintances of Plaintiff who will provide testimony regarding Plaintiff's behavior before and after the accident to rebut BNSF's anticipated argument that Plaintiff "went off on tangents before this accident."  Thompson Decl., docket no. 147, at ¶¶ 3-4.  Plaintiff asserts that BNSF raised Plaintiff's prior mental state as an issue for the first time in a deposition on November 7, 2013.

The Court GRANTS this motion and the three witnesses shall be excluded.  The Court's ruling directing the disclosure of witnesses was limited to the context in which it was given and was not an invitation to identify new witnesses.  Plaintiff's mental state pre- and post-accident is not a new issue and Plaintiff has not provided sufficient justification to add new witnesses.

**B.  BNSF's Motion for Reconsideration to Clarify Ruling on SAA Claim**

BNSF also moves for reconsideration or clarification of the Court's order regarding the application of the SAA and the related testimony of Plaintiff's expert Michael O'Brien.  BNSF's Motion on SAA Claim, docket no. 142.  BNSF argues that whether the handhold is "safe," as opposed to whether the handhold falls within the SAA and complied with related regulations, has not been the focus of this particular issue until now.  Id. at 1.  BNSF argues that "safe" under the SAA means simply "securely fastened" under Ninth Circuit law, and therefore BNSF asks the Court to revise its Order and limit

ORDER - 3

1  Mr. O'Brien's testimony to this narrow application of the term "safe" under the SAA.
2  Id. at 2.
3      The cases cited by BNSF are factually distinct from the case before the Court, as
4  the cases cited dealt with a foreign substance on the safety appliance as opposed to an
5  additional safety appliance added.  See, e.g. Collins v. Southern Pacific Co., 286 F.2d 813
6  (9th Cir. 1961) (grease on grab iron not a violation of the SAA, which requires only that
7  grab irons be "secure").  However, the Court is bound by the ruling in Collins that the
8  SAA does not contain the same requirement found in the Boiler Inspection Act requiring
9  locomotives to be "safe to operate."  Id. at 814-815.  In contrast, the relevant portion of
10 the SAA requires only that cars have "secure handholds."  Id. at 815.  Plaintiff admits
11 that he "has never challenged whether the handhold at issue in this case was securely
12 fastened to the car."  Plaintiff's Response, docket no. 154, at 2.
13     In addition to the requirement that handholds be secure, the SAA also requires
14 compliance with the relevant safety standards set forth in the regulations.  As discussed in
15 the Court's prior order, Plaintiff conceded that vertical side handholds are not required by
16 49 C.F.R. § 231.6.  Order, docket no. 134, at 2.  Plaintiff's argument rests upon the fact
17 that all handholds specifically required by the regulations must be of a minimum size.
18 Plaintiff's Response at 2.  However, the regulations do not state that if a railroad adds an
19 additional handhold, it must comply with the same dimension requirements.  Plaintiff
20 previously offered a Federal Railroad Administration ("FRA") inspection checklist,
21 which states that any additional appliances "must meet the dimension, location, and a
22 manner of application requirements."  Thompson Decl., docket no. 128, Ex. 5.  The FRA
23

ORDER - 4

could have chosen to include such requirement in the regulations but did not do so, and the inspection checklist is not a binding source of law.

Plaintiff does not contend that BNSF installed a handhold that was not secure. Furthermore, Plaintiff does not dispute that the handhold at issue was not required under the relevant regulations. Therefore, the Court holds that as a matter of law Plaintiff has failed to establish that BNSF violated the SAA. The Court GRANTS BNSF's motion for reconsideration and DISMISSES Plaintiff's second claim under the SAA with prejudice. Mr. O'Brien's testimony will therefore be limited to opinions he has, if any, regarding Plaintiff's first claim only.

**C. Plaintiff's Motion to Exclude Expert Witness**

Plaintiff moves to exclude Defendant's newly-identified witness, Greg Saxton. Mr. Saxton's testimony is limited to whether or not the handhold at issue was "safe" and therefore whether BNSF violated the SAA. Given the Court's ruling on BNSF's motion for reconsideration, dismissing the SAA claim, BNSF will not call Mr. Saxton to testify. The Court STRIKES Plaintiff's motion as moot.

**<u>Conclusion</u>**

The Court GRANTS BNSF's motion for reconsideration to exclude witnesses, docket no. 139. The Court GRANTS BNSF's motion for reconsideration on Plaintiff's SAA claim, docket no. 142, and DISMISSES Plaintiff's second claim with prejudice. The Court STRIKES as moot Plaintiff's Motion to Exclude Expert Witness, docket no. 143.

1   IT IS SO ORDERED.

2   Dated this 19th day of December, 2013.

        _____
        THOMAS S. ZILLY
        United States District Judge

ORDER - 6